Nov. Term, 1853.

DUNCAN
v.
BARBOUR.

---

DUNCAN and Others *v.* BARBOUR and Others.

Saturday,
December 24.

ERROR to the *Ripley* Circuit Court.

ROACHE, J.—Bill in chancery by *Barbour* and *Smith,* and *Peter A. White & Co.,* against *Duncan, Shook,* and others, for the purpose of subjecting to sale certain premises charged to have been conveyed with intent to defraud the complainants.

The bill alleges that *Barbour* and *Smith* recovered a judgment against *Duncan,* on the 8th of *September,* 1847, for 236 dollars and 61 cents, on a note dated *July* 30, 1846; that *Peter A. White & Co.* also recovered a judgment against *Duncan,* on the 27th of *February,* 1848, for 544 dollars and 47 cents, on two notes dated respectively on the first and second of *December,* 1846; that executions were issued on both judgments, and returned *nulla bona,* before the filing of the bill; that on the 2d of *September,* 1847, *Duncan* conveyed a town lot, which was the only unincumbered property owned by him, subject to execution, to the defendant *Shook;* that said conveyance was made pending the suit of *Barbour* and *Smith,* and long after the date of all the notes above mentioned; that the conveyance was made for the purpose of placing the property beyond the reach of the complainants, and thus fraudulently preventing them from collecting their said

debt; and that *Shook* was cognizant of the fraudulent intent, and participated in it.

The answers admitted the notes, judgments, executions, returns, and the sale by *Duncan* to *Shook*, but denied all charges of fraud, and insisted that the sale was made in good faith, and for a valuable consideration.

Upon the hearing, the Court held the conveyance from *Duncan* to *Shook* to be fraudulent and void, and decreed a sale, pursuant to the prayer of the bill.

The only error alleged for the reversal of this decree is, that it is not sustained by the evidence.

Upon a careful examination of the proof before the Circuit Court, we are satisfied the decree ought not to be disturbed on that ground. We think the conclusion of Court was a fair deduction from the evidence in the case.

The facts and circumstances established by the proof were such as, in our opinion, to justify the Court in finding that the conveyance was made for the purpose of hindering the complainants in the collection of their debts, and that the grantee had full knowledge of that purpose.

*Per Curiam.*—The decree is affirmed, with 10 per cent. damages and costs.

*D. Kelso*, for the plaintiffs.

*W. M. Dunn*, for the defendants.